UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

SOFIYA VANDYSHEVA,                                                    Docket No.

                          Plaintiff,

                                                     **COMPLAINT**

        -against-

                                               **JURY TRIAL DEMANDED**

ELSA'S CAVE CORP., CAVE RESTAURANT
& LOUNGE & SHKELQIM KOCI,
                          Defendants.

-----------------------------------------------------------------X

Plaintiff, SOFIYA VANDYSHEVA, (herein referred to as "Plaintiff"), by her attorneys, the Law Offices of Jason Abelove, P.C., complaining of the Defendants respectfully allege as follows:

## NATURE OF THE ACTION

1. Plaintiff was employed by Defendants, individually and/or jointly between February and October, 2019.

2. The Complaint alleges that Defendant did not pay the federal minimum wage as required by the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201, as well as the New York State *Labor Law*. Further, the Complaint alleges sexual harassment and discrimination pursuant to the *New York Human Rights Law*.

3. The Complaint seeks damages for: (a) unpaid minimum wages from Defendants; (b) violations of New York Labor Law regarding notice of pay requirements and pay stub requirements; (c) retaliation arising out of Plaintiff's complaints; and (d) violations of the New York Human Rights Law with respect to the sexual harassment and gender discrimination of Plaintiff.

4. As a result of these violations delineated below, Plaintiff seeks compensatory damages and liquidated damages in the amount exceeding $250,000.00.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

6. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

7. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391(b) because at least one defendant resides in this district.

8. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202.

## THE PARTIES

9. At all relevant times, Plaintiff is and was an individual residing in the State of New York, County of Kings.

10. Defendants operates a night club known as Cave Restaurant & Lounge, which is, upon information and belief, an incorporated entity with a principle place of business of 2320 McDonald Avenue, Brooklyn, New York.

11. According to Defendants' liquor license, Defendants corporate name is Elsa's Cave Corp., a domestic corporation, inactive by proclamation of the New York State Department of State, with a service of process address of 1445 77th Street, Brooklyn, New York 11228.

12. Defendant Shkelqim Koci ("Koci") is an individual that, upon information and belief, is the sole owner of Defendants. Koci has a principal place of business in the State of New York, County of Kings.

13. Venue is proper as all parties reside in Kings County and the occurrences described herein occurred in the County of Kings.

14. According to During all relevant times herein, Defendants were Plaintiff's "employers" within the meaning of the FLSA and NYLL.

## FACTUAL ALLEGATIONS

15. Plaintiff was employed by Defendants from February 12, 2019 - October 15, 2019.

16. At the time she was hired, she was not provided with the notice(s) required by NYLL §195 & 198.

17. Throughout her employment she was not provided with any pay stubs or any record of her salary and deductions.

18. Further, during her employment, Plaintiff was paid $20.00 total per shift regardless of the number of hours worked

19. During Plaintiff's employment, the minimum wage in New York City in 2019 was $15.00 per hour.

20. Plaintiff worked 30 hours per week.

21. Plaintiff should have been paid a minimum of ($15.00 per hour x 30 hours/wk x 36 weeks) $16,200.00 during the course of her employment.

22. Instead, she was paid a salary of $60.00 per week ($20 /day). Accordingly she is owed **$15,480.00** in minimum wage, plus interest, costs and attorneys' fees.

23. Further, New York state law provides damages for failing to provide a Notice of Wage at $50.00 per day up to a maximum of $5,000.00.

24. In addition, failure to provide pay stubs provides damages of $250.00 per pay period up to a maximum of $5,000.00.

25. Plaintiff is owed **$10,000.00** for these claims, plus interest, costs and attorneys fees.

26. New York state law provides that employees that work in excess of 10 hours in a day, receive an additional hour of "spread of hours" pay.

27. Plaintiff worked in excess of 10 hours per day, 3 days per week for 36 weeks. She should have received an additional $15.00 per hour x 3 days x 36 weeks, totaling **$1,620**, plus interest, costs and attorneys' fees.

28. Defendants are liable to Plaintiff on her wage claims as follows:

    a.  Wage Theft Prevention Act and
        Pay Stub violation                              $10,000.00

    2.  Minimum Wage Claim
        $15,480.00 x 2 (Liquidated Damage)              $30,960.00

    3.  Spread of Hours Claim
        $1,620 x 2 (Liquidated Damage)                  $3,240.00

    Total Wage & Hour Liability                         **$44,200.00**

29. In addition to the above wage and hour claims, Plaintiff was victim to a vicious onslaught of sexual harassment and discrimination.

30. Defendant Koci frequently asked Plaintiff to go to a hotel.

31. In addition, during the course of her employment, Koci stated to Plaintiff:

    a.  "I wonder what you look like naked"

    b.    After asking multiple times to see a picture of my client, she showed Koci a bikini picture. Koci stated, "that's not what I want" and stated that he wanted to see Plaintiff "naked".

    c.    On frequent occasions when Koci walked past Plaintiff, he whispered in her ear, "Is your pussy wet".

    d.    Defendant Koci showed Plaintiff the feed from cameras behind the bar. He stated, "now I can stare at you whenever I want".

    e.    He talked with Plaintiff about other employees in a sexual way, stating, "I wonder how she has sex?", or "How do you think she is in bed?"

    f.    Koci asked Plaintiff to marry his cousin so Koci's cousin could obtain a Green Card.

32. Plaintiff repeatedly implored Koci to stop the conduct.

33. In or around September and October, 2020, Plaintiff began arguing with Koci over these comments and the illegal way she was paid.

34. As a result of these complaints, Defendants retaliated against Plaintiff by terminating her employment.

**FIRST CAUSE OF ACTION**
**NEW YORK LABOR LAW §§ 190, 191, 193, 195 AND 198**

35. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

36. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the New York Labor Law, §§190 et seq., including §§191, 193, 195 and 198 and the applicable regulations thereunder.

37. Defendants, individually and/or jointly, violated and willfully violated NYLL §190 et seq., including §§191, 193 and 198, by failing to pay Plaintiff all the unpaid non-overtime wages, and overtime wages, and unlawful wage deductions, Plaintiff was entitled to within the time required by NYLL §§191, 193 and 198.

38. At all times relevant herein, Defendants, individually and/or jointly failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL §195(1) - Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL §198 including NYLL §198(1-b), as well as an injunction directing Defendants to comply with NYLL §195(1).

39. At all times relevant herein Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL §195(3) - Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL §198 including §198(1-d), as well as an injunction directing Defendants to comply with NYLL §195(1).

40. Due to Defendants' New York Labor Law Article 6 violations including violation of §§191, 193 and 198, Plaintiff is entitled to recover from Defendants, individually and/or jointly, his entire unpaid wages, including his unpaid non-overtime/minimum wages, overtime wages, unlawful wage deductions, maximum liquidated damages, including maximum liquidated damages on all wages paid later than weekly, prejudgment interest, maximum recovery for violations of NYLL §§195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to New York Labor Law §190 et seq. including §198.

## SECOND CAUSE OF ACTION
### Spread of Hours Compensation Under New York Labor Law

41. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

42. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§650 et seq.; 12 N.Y.C.R.R. §142-2.4.

43. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants her unpaid spread of hour compensation, reasonable attorneys' fees, and cost of the action, pursuant to N.Y. Labor Law §663(1).

## THIRD CAUSE OF ACTION
### Unpaid Wages Under the Fair Labor Standards Act

44. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

45. Defendants willfully failed to pay Plaintiff wages for hours worked in violation of 29 U.S.C. §206(a).

46. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional.  Defendants have not made a good effort to comply with the FLSA with respect to compensating the Plaintiff.

47. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216.

## FOURTH CAUSE OF ACTION
### Unpaid Wages Under the New York Labor Law

48. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

49. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

50. Defendants failed to pay Plaintiff's wage and hours worked in violation of New York Labor Law Article 6.

51. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid wages and an amount equal to his unpaid wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest according with NY Labor Law §198(1-a).

## FIFTH CAUSE OF ACTION
### Retaliation

52. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

53. Over the past weeks of her employment, Plaintiff regularly complained to her employers regarding their failure to pay overtime.

54. In retaliation for these complaints, Plaintiff's employment was constructively terminated.

55. As a result of this illegal retaliation, Plaintiff is entitled to back pay, front pay, punitive damages and attorneys' fees in an amount according to proof at trial.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;

8

b. Awarding Plaintiff unpaid overtime wages;

c. Awarding Plaintiff unpaid minimum wages;

d. Awarding Plaintiff unpaid spread of hours compensation;

e. Awarding Plaintiffs unpaid wages;

f. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §201 and New York Labor Law §§198(1-a), 663(1);

g. Awarding Plaintiff prejudgment and post-judgment interest;

h. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; and

i. Awarding such and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rule of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.


Dated: Garden City, New York
       December 1, 2020

LAW OFFICES OF JASON L. ABELOVE, P.C.

/s/
Jason L. Abelove
*Attorney for Plaintiff*
666 Old Country Road, Suite 303
Garden City, New York 11530
516-222-7000